J-A24012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD YOUNG | |
| Appellant | No. 1532 EDA 2014 |

Appeal from the Judgment of Sentence December 20, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008336-2013

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 29, 2015**

Appellant, Richard Young, appeals form the judgment of sentence entered December 20, 2013, in the Court of Common Pleas of Philadelphia County, following his conviction of aggravated assault, simple assault, recklessly endangering another person, possession of an instrument of crime, and terroristic threats.[1]  We affirm.

We take the underlying history of this matter from the trial court's Rule 1925(a) opinion.

**FINDINGS OF FACT**

On May 30, 2013, at approximately 10 p.m., Jerome Pierce (hereinafter "the complaining witness") was at home on 6230

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(4), 2701, 2705, 907 and 2706, respectively.

Reedland Street. N.T. 10/28/2013 at 8-9. He and his girlfriend, Patricia Jenkins (hereinafter "Jenkins"), had a verbal argument upstairs in the home. *Id*. at 10. At the time, [Young] … was at the home visiting Jenkins' daughter. *Id*. at 21. During the argument between the complaining witness and Jenkins, [Young] ran from the lower floor of the home to the floor where the complaining witness and Jenkins were arguing, and words were exchanged between the complaining witness and [Young]. *Id*. at 10.

During the exchange of words, both the complaining witness and Jenkins requested [Young] to leave the home. *Id*. at 12. While [Young] was leaving, but still inside the home, he informed the complaining witness that he was a "dead man." *Id*. He reiterated the threat once outside the home. *Id*. Once the complaining witness made his way outside of the home, he instructed [Young] to "throw away his guns and his knives … and knuckle up." *Id*. at 13. The complaining witness got into the fighting position. *Id*. At this time, without a punch yet being thrown by either man, [Young] pulled out a razor from the right side of his body with his right hand and sliced the complaining witness' left hand. *Id*. The complaining witness was cut while standing in the street in front of the home. *Id*. at 28.

After being cut, the complaining witness immediately left the altercation and went inside the home to attend to his wounds. *Id*. at 14. An ambulance was called to the home. *Id*. at 15. When the police arrived, a blood trail led Officer Thompson inside the home and up the steps to the second floor, where he found the complaining witness in the bathroom with a blood-soaked towel wrapped around his left hand. *Id*. at 31-32. [The complaining witness] received 16 stiches and was cut so deep, he suffered nerve damage in his hand. *Id*. at 15.

Although [Young] admits he purposely sliced the complaining witness (*Id*. at 37), he contends, contrary to the complaining witness' testimony, that he was hit twice by the complaining witness in the back of the head, once inside the home and once outside. *Id*. at 37. However, the Commonwealth illustrated that on the day of the incident … [Young] informed the police that he was only struck once in the back of the head. *Id*. at 40.

**PROCEDURAL HISTORY**

[Young] requested and was granted a waiver of a jury trial. The bench trial took place before the Honorable Sean F. Kennedy on October 28, 2013. Based on the evidence and testimony, [Young] was found guilty of [the aforementioned charges]. [The trial court later sentenced Young] to three to six years['] incarceration.

Trial Court Opinion, 12/12/14 at 1-3 (footnote omitted).

Young raises the following issues for our review.

A. Was not the evidence insufficient to convict appellant of aggravated assault, simple assault, recklessly endangering another person, and possession of instrument of crime, where the Commonwealth failed to disprove appellant's claim of self-defense beyond a reasonable doubt?

B. Even assuming *arguendo* appellant was reckless or negligent in appraising the amount of force necessary to protect himself, was not the evidence insufficient to convict him of the specific intent crimes of aggravated assault and possession of instrument of crime?

Appellant's Brief at 3.

Young first argues that the Commonwealth failed to disprove his self-defense claim beyond a reasonable doubt. We note that "[t]he use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person." 18 Pa.C.S.A. § 505(a). "Although the defendant has no burden to prove self-defense, … before the defense is properly in issue, 'there must be some evidence, from whatever source, to justify such a finding.'" **Commonwealth v. Mouzon**, 53 A.3d 738, 740 (Pa. 2012) (citation omitted). Once a justification defense is properly raised, "the Commonwealth bears the burden to disprove such a

defense beyond a reasonable doubt." ***Commonwealth v. Torres***, 766 A.2d 342, 345 (Pa. 2001) (citations omitted).

The Commonwealth sustains its burden if "it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety." ***Commonwealth v. McClendon***, 874 A.2d 1223, 1230 (Pa. Super. 2005) (citation omitted). "It remains the province of the [finder of fact] to determine whether the accused's belief was reasonable, whether he was free of provocation, and whether he had no duty to retreat." ***Id***. (citation omitted).

> The Commonwealth can negate a self-defense claim if it proves the defendant did not reasonably believe he was in imminent danger of death or great bodily injury and it was necessary to use deadly force to save himself from that danger.
>
>> The requirement of reasonable belief encompasses two aspects, one subjective and one objective. First, the defendant must have acted out of an honest, bona fide belief that he was in imminent danger, which involves consideration of the defendant's subjective state of mind. Second, the defendant's belief that he needed to defend himself with deadly force, if it existed, must be reasonable in light of the facts as they appeared to the defendant, a consideration that involves an objective analysis.

***Commonwealth v. Smith***, 97 A.3d 782, 787 (Pa. Super. 2014) (citations omitted).

In rejecting Young's justification defense, the trial court determined that there was no evidence to suggest that Young was in imminent danger of death or serious bodily injury:

> Here, evidence presented by the Commonwealth established that there was no reasonable basis from which to conclude that the use of the razor was necessary by [Young]. Prior to slicing the complaining witness, [Young] was not in any danger of death or serious bodily harm. Although the complaining witness testified that he was willing to enter into mutual combat with [Young], he did not make any attempt to throw a punch prior to, or subsequent to, being sliced with the razor. The complaining witness also did not possess any weapons at the time of the attack. Further, [Young] presented no evidence that he acted in self-defense, other than his own testimony, which was found not to be credible. As illustrated by the Commonwealth during trial, [Young's] testimony was inconsistent with statements previously made to law enforcement regarding the events that preceded the attack. Furthermore, [Young] used the weapon while on a public street, away from the house. He could have, at any point after leaving the home, retreated from the scene to complete safety without harming the complaining witness. Therefore, the Commonwealth met its burden of proof beyond a reasonable doubt that [Young] did not act in self-defense at the time of the attack.

Trial Court Opinion, 12/12/14 at 5.

We agree with the trial court's cogent analysis. The evidence presented was insufficient to support a finding that Young – either subjectively or objectively – reasonably believed he was in danger of death or serious bodily injury. The trial court clearly concluded that Young unreasonably and unjustifiably escalated the confrontation when he sliced the unarmed victim with a razor blade. Based on the foregoing, we conclude that the Commonwealth sustained its burden of disproving Young's

justification defense beyond a reasonable doubt. Accordingly, Young's first claim is without merit.

Young next argues that, even assuming his self-defense claim does not warrant relief, the evidence was still insufficient to convict him of aggravated assault and possession of an instrument of crime. Our review of the record reveals that this precise issue was not raised in Young's Rule 1925(b) statement of matters complained of on appeal. *See* Statement of Errors Complained of On Appeal, 7/18/14.[2] Therefore, we are constrained to find this issue is waived. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); ***Commonwealth v. Melvin***, 103 A.3d 1, 39 (Pa. Super. 2014).

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2015

_____

[2] Young raised two issues in his Rule 1925(b) statement. The first issue mirrored the first claim raised in Young's appellate brief. The second issue challenged the weight of the evidence to support his convictions. ***See*** Statement of Errors Complained of On Appeal, 7/18/14.